*Darnaby, Robinson, for appellants.*

*Buckner, Payne & Hunt, for appellees.*

---

E. W. RUPERT ET AL. *v.* LIZZIE BURNS ET AL.

**Municipal Corporations—Improvement Contract—Approval.**

A copy of the record of approval of a contract, certified by the officer who has charge of the journals of the common council, can not be affected by the testimony of any number of witnesses who have failed to discover the record of such approval.

APPEAL FROM LOUISVILLE CHANCERY COURT.

March 20, 1874.

OPINION BY JUDGE LINDSAY:

Appellants set up in their petition the fact that the various ordinances of which copies are exhibited, were actually passed and

approved by the general council and mayor of the city of Louisville, and that such proceedings touching his alleged contract, and the issue to him of the apportionment warrants sued on, as are evidenced by the copies filed, were actually had by the two boards of the general council. No question is raised as to the manner in which these copies are authenticated,. and no objection was taken to their being considered by the court below.

The only issues of fact raised by the answers, that appellees attempted to sustain by proof, was the averment that the contract under which appellants claim to have done the work, was not approved by the board of common council. This averment is sustained by but one witness, who states, in effect, that he examined the minutes or journals of that board, and was unable to find any memorandum of its approval. The chancellor regarded this evidence sufficient to overcome the presumption arising from the attested copies on file, purporting to have been made from the journals of the board. We need not decide whether under ordinary circumstances copies taken from these journals and duly certified by the officers having them in custody, are or are not conclusive. That effect cannot be escaped, nor their verity questioned upon the testimony of any number of witnesses, who upon examination may have failed to discover that which the proper officer officially certifies is of record.

In the case of McKinney and Ballard and others, it was directly alleged and proved that the common council kept no journal at a given date, and it was affirmatively shown by the clerk himself, that the book from which the alleged proceedings were copied, was gotten up after the board whose proceedings it purported to exhibit had ceased to exist. Here there is no question raised as to the authenticity of the book from which the copies were taken. The issue is as to whether or not the approval of appellants' contract was made a matter of record by the common council in this book. A copy certified by the officer having the journal in his keeping shows that such approval is recorded therein. This copy proves as much as the journals themselves would prove, if produced, and in view of the issue raised by the pleadings, it is, in our opinion, conclusive of the question. The remaining issues, which are all questions of law, have been so often decided by this court that we do not deem it necessary to refer to them.

The judgment dismissing appellants' petition is reversed and the cause remanded with instructions to enforce his liens upon the property fronting upon the improvements made.

*James Harrison, for appellants.*

*Elliott, Burnett, for appellees.*